IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DELORES WESTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0482-MJR-PMF |
| | ) | |
| **WAL-MART, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**REAGAN, District Judge:**

    Plaintiff Delores Weston recently filed her amended complaint against Wal-Mart, Inc. (Doc. 7). The Court directed her to do so because of the lack of any allegations regarding her citizenship or Wal-Mart's citizenship in her initial complaint (Doc. 6). The amended complaint is no different. It does not indicate the state of her citizenship, and it does not indicate the state or states of Wal-Mart's citizenship. The Court warned her that failure to make any allegations regarding the Court's subject-matter jurisdiction would result in dismissal for want of jurisdiction. As her case is not based on any cause of action under federal law, the lack of any information regarding citizenship is fatal to her continuing in this Court. *See* 28 U.S.C. § 1332 (2006).

    An additional consideration became apparent on the Court's review of the case. Assuming that Weston had informed the Court of the basis for subject-matter jurisdiction, the Court would normally next consider her motion to proceed *in forma pauperis*, which requires the Court to review the case and dismiss it if it is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915(d). It turns out that Weston already sued Wal-Mart three years ago in Saint Clair County, and the case was removed to this Court. *Weston v. Wal-Mart Stores, Inc.*, No. 07-CV-00088-WDS-DGW (S.D. Ill. Mar. 10, 2008), *aff'd*, No. 08-1786 (7th Cir. Nov. 17, 2008). In the older case, she alleged the same December 16, 2005 injury and cause of action against the Wal-Mart as this case. She also had

summary judgment entered against her and lost her appeal to the Seventh Circuit. *Weston v. Wal-Mart Stores, Inc.*, No. 08-1786 (7th Cir. Nov. 17, 2008). This means that, as her older case is res judicata, she is barred from suing Wal-Mart again for the same reasons as the old case. A case that is obviously barred by res judicata is frivolous and should be dismissed with prejudice on the Court's own motion when analyzing a motion to proceed *in forma pauperis*. *See Hudson v. Hedge*, 27 F.3d 274, 276–77 (7th Cir. 1994) (upholding the district court's dismissal of a case as res judicata when reviewing the case for frivolity).

Because Weston has alleged no basis for subject-matter jurisdiction, the Court **DISMISSES** her case for want of jurisdiction. Weston's pending motions (Docs. 2, 3, 4) are **MOOT**. Plaintiff Weston is cautioned that if she files another claim based upon the December 16, 2005 slip-and-fall at Wal-Mart she will be exposed to monetary sanctions.

**IT IS SO ORDERED.**

**DATED August 24, 2010.**

                                              s/ Michael J. Reagan
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**